IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANT JUAN D. McELROY, V81928, | ) |
| Plaintiff(s), | ) No. C 13-4576 CRB (PR) |
| vs. | ) ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| ERSIE I. JOYNER, et al., | ) |
| Defendant(s). | ) |

Plaintiff, a prisoner at the California Men's Colony in San Luis Obispo, has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that, on March 16, 2013, Oakland Police Department Captain Ersie I. Joyner and Officer Iram Padilla used excessive force in the process of arresting him.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. Legal Claims

It is well established that the use of excessive force by a law enforcement officer in effectuating an arrest states a Fourth Amendment claim under § 1983. See Rutherford v. City of Berkeley, 780 F.2d 1444, 1447 (9th Cir. 1986), overruled on other grounds by Graham v. Connor, 490 U.S. 386 (1989). But a plaintiff must allege more than a conclusory allegation of use of excessive force – a plaintiff "must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). After all, liability may be imposed on an individual defendant under § 1983 only if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. Lemire v. California Dep't. of Corrections & Rehabilitation, 726 F.3d 1062, 1068 (9th Cir. 2013); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff's allegations that Oakland Police Department Captain Ersie I. Joyner and Officer Iram Padilla used excessive force in the process of arresting him are not specific enough to state a § 1983 claim for damages against Joyner and/or Padilla. Plaintiff must allege specific facts showing what took place in the course of his arrest and how Joyner's and/or Padilla's actions amounted to excessive force and actually and proximately caused the deprivation of his Fourth Amendment rights. It is not enough to point to the incident reports and claim that they are not accurate.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 28 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED:  Jan. 10, 2014

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.13\McElroy, D.13-4576.dwlta.wpd