IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANT JUAN D. McELROY, | ) | |
| Plaintiff(s), | ) ) | No. C 13-4576 CRB (PR) |
| v. | ) ) | ORDER OF SERVICE |
| ERSIE I. JOYNER, Captain, | ) ) | |
| Defendant(s). | ) ) ) | |

Plaintiff, a former state prisoner recently released on parole, has filed a pro se First Amended Complaint (FAC) for damages under 42 U.S.C. § 1983 alleging that, on March 16, 2013, Oakland Police Department Captain Ersie I. Joyner used excessive force in the process of arresting him. Plaintiff specifically alleges that Captain Joyner struck him in his face and kicked him in the abdomen after he was "tased" and "subdued" on the ground. Pet. at 1.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

It is well established that the use of excessive force by a law enforcement officer in effectuating an arrest states a Fourth Amendment claim under § 1983. See Rutherford v. City of Berkeley, 780 F.2d 1444, 1447 (9th Cir. 1986), overruled on other grounds by Graham v. Connor, 490 U.S. 386 (1989). Liberally construed, plaintiff's allegations that Captain Joyner struck and kicked him after he was "tased" and "subdued" appear to state a cognizable § 1983 claim for damages against Captain Joyner and will be ordered served.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.     The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the FAC in this matter, all attachments thereto, and copies of this order on the following defendant: Captain Ersie I. Joyner of the City of Oakland Police Department.  The clerk also shall serve a copy of this order on plaintiff.

2.     In order to expedite the resolution of this case, the court orders as

follows:

      a.     No later than 90 days from the date of this order, defendant shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a <u>Rand</u> notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. <u>Woods v. Carey</u>, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).

   If defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, defendant shall so inform the court prior to the date his or her motion is due. All papers filed with the court shall be served promptly on plaintiff.

      b.     Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

      c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.

When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The Rand notice above does not excuse defendant's obligation to serve said notice again concurrently with motions for summary judgment. Woods, 684 F.3d at 935.)

  d. Defendant must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

  e. The motion shall be deemed submitted as of the date the reply is due. No hearing will be held on the motion unless the court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4. All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply

1  with the court's orders in a timely fashion.  Failure to do so may result in the
2  dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).
3  SO ORDERED.
4  DATED:  June 6, 2014
                                 CHARLES R. BREYER
5                                United States District Judge

G:\PRO-SE\CRB\CR.13\McElroy, D.13-4576.serve.wpd