IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANT JUAN D. McELROY,                    ) | |
|           Plaintiff(s),                  ) | No. C 13-4576 CRB (PR) |
|     v.                                   ) | ORDER |
| ERSIE I. JOYNER, Captain,                ) | |
|           Defendant(s).                  ) | |

       Per order filed on June 6, 2014, the court found that, liberally construed, plaintiff's allegations that Oakland Police Department Captain Ersie I. Joyner used excessive force in the process of arresting him when she struck him in his face and kicked him in the abdomen after he was "tased" and "subdued" on the ground, appear to state a cognizable claim for damages under 42 U.S.C. § 1983 against defendant Captain Joyner and ordered the U.S. Marshal to serve her.

       In the interest of expediting this matter now that defendant's attorneys have filed a notice of appearance, the court orders as follows:

       a.    No later than March 6, 2015, defendant shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and

must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).

If defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, defendant shall so inform the court prior to the date his or her motion is due. All papers filed with the court shall be served promptly on plaintiff.

      b.     Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

      c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The <u>Rand</u> notice above does not excuse defendant's obligation to serve said notice again concurrently with motions for summary judgment. <u>Woods</u>, 684 F.3d at 935.)

   d. Defendant must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

   e. The motion shall be deemed submitted as of the date the reply is due. No hearing will be held on the motion unless the court so orders at a later date.

  3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

  4. All communications by plaintiff with the court must be served on defendant's counsel by mailing a true copy of the document to counsel.

  5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED:  Dec. 12, 2014    _____
               CHARLES R. BREYER
               United States District Judge

G:\PRO-SE\CRB\CR.13\McElroy, D.13-4576.or1.wpd

3